[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Lenny Charles Taylor appeals from the judgment of the trial court convicting him, following a jury trial, of trafficking in cocaine, in violation of R.C. 2925.03(A). He was sentenced to a one-year prison term. In two assignments of error, he contests the weight and the sufficiency of the evidence to support his conviction.
The state offered evidence that Cincinnati Police Officers Prude and Johnson of the CAT Team gave a confidential informant a twenty-dollar bill that had been photocopied. From a car fifty or sixty feet away, they saw their informant, standing under a street light, hand Taylor the money. Taylor then entered a house and returned within ten seconds. He handed the informant a substance. The informant gave this substance to Officer Prude. It is uncontested that the substance was crack cocaine.
Taylor was arrested near the scene of the sale by uniformed police officers and identified by the informant, but the twenty-dollar bill was never recovered. Although he refused to make a written statement, he told Officer Finn that he was a "middleman" and had participated in the hope that he could obtain drugs from the dealer for his personal use.
At trial, Taylor admitted that he had been previously convicted of drug abuse and possession. His explanation was that he went into the house, where he was the caretaker, with a drug dealer because he wanted to buy drugs for himself. He had only $6.15. He testified that he and the dealer came back outside and discussed a drug transaction in the presence of a third party. He and the dealer then again entered the house, but he returned to the street shortly afterwards "to get what I was looking for." He denied facilitating the drug sale between the dealer and the confidential informant. He admitted making a statement to Officer Finn, but said that he had referred only to his past conduct and not to the events related to his arrest.
Taylor argues that because the twenty-dollar bill was not recovered, the state's evidence was insufficient to prove that he had engaged in trafficking. Sufficiency is a test of adequacy in which an appellate court, after viewing the evidence in the light most favorable to the prosecution, determines whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819, 825. The jury was entitled to believe the state's witnesses and to disbelieve Taylor. Conflicts in the evidence, including credibility of the witnesses, are primarily for the trier of fact to resolve. See State v.DeHaas (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. A rational jury could have found beyond a reasonable doubt that Taylor was the middleman, and that he had participated in the sale of cocaine to the confidential informant.
Upon review of the record and sitting as a "thirteenth juror," we further conclude that the jury did not lose its way and create such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. See State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541, 546-547. The assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.